Elijah STRONG, Plaintiff–Appellant,

v.

OFFICE OF PERSONNEL MANAGE-MENT, Defendant–Appellee.

Nos. 03–6195, 03–6273.

United States Court of Appeals, Sixth Circuit.

March 16, 2004.

Elijah Strong, Memphis, TN, pro se.

William Siler, Asst. U.S. Attorney, Memphis, TN, for Defendant–Appellee.

Before NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## ORDER

Elijah Strong, a pro se Tennessee resident, appeals a district court judgment dismissing his civil complaint filed pursuant to the Privacy Act, 5 U.S.C. § 552a. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

We note that after the district court entered its order of dismissal, but before the final judgment was entered, Strong filed a motion for reconsideration under Fed.R.Civ.P. 59. That motion was subsequently denied by the district court. Strong filed two notices of appeal. One notice was filed after the judgment was entered and the second notice was filed after the Rule 59 motion was denied. Although two separate appeals have been opened and consolidated, both notices of appeal seek to appeal only the district court's judgment. The Rule 59 decision is not before the court as a separate appeal.

Seeking injunctive relief, Strong sought to have a background investigation file created by the Office of Personnel Management (OPM) amended. Strong wanted to have an unfavorable opinion given by one of his university professors removed from his file as irrelevant. The court found that Strong had not met his burden of proof and therefore granted summary judgment to OPM.

In his timely appeal, Strong continues to argue that the negative statement should be removed from his OPM file.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

The following facts are undisputed. Pursuant to Strong's application for federal employment, OPM created a background investigation file containing, among other things, a statement from James H. Perry, who Strong had listed as a reference. Perry was Strong's academic advisor in college. In a statement dated June 10, 1998, Perry answered "yes" to the question, "Do you have any reason to question this person's honesty and trustworthiness?" Perry appended the explanation "academic dishonesty confirmed and confronted." Perry also indicated that he had adverse information concerning Strong's mental and emotional stability, and stated that "on 2 occasion[s] I referred E. Strong for psychological counseling." Finally, Perry answered "no" to the question, "Do you recommend this person for government security clearance or employment?" Perry added the explanation that "[h]aving been in military [sic] for 6 years; and, academic counseling for 26 years, I cannot in good conscience recommend E. Strong for security or fidelity clearance."

In a letter dated January 19, 2002, Strong asked for a copy of his file. In that letter, Strong also requested that OPM amend the file by removing Perry's statement. Strong explained that "Due to the unnecessary need and further relevance of this information being aforementioned above, I would like for it to be eradicated and expunged for its lack of necessity to this here point in time." Strong did not dispute the accuracy of the statement. Rather, he only asserted that it was unnecessary and irrelevant.

OPM sent Strong a copy of his file with a letter dated February 6, 2002. In that letter, OPM denied Strong's request to remove Perry's statement from his file. OPM stated:

> We will not remove the comments of Mr. Perry from your file. Mr. Perry maintained a relationship with you as an instructor and academic advisor. He was in a position to be knowledgeable of your academic life and he has the right to comment on those activities.
>
> . . . .
>
> You have the option of submitting a concise statement of disagreement that will be made a permanent addendum to your investigative file. A copy of this statement would be sent to any authorized agency that has requested information from your file or requests information from your file in the future.

The letter also explained the procedure for appealing the decision. On March 7, 2002, Strong appealed the denial of his amendment request to OPM's Office of General Counsel.

In a decision dated June 3, 2002, OPM denied Strong's administrative appeal, noting that Strong had failed to submit any documentation in support of his request for the removal of Perry's statement. The decision stated:

> Your letter of appeal asserts that Mr. Perry's remarks were prejudicial and unfair. Despite your assertions, you have not provided evidence of a clear mistake or fact of irresponsible judgment. Also, the Privacy Act's amendment procedures are not designed to

change opinions in records pertaining to individuals. 5 C.F.R. § 297.303(a).

The letter also advised Strong that he had received "OPM's final determination with respect to your Privacy Act amendment request" and informed him of his right to seek judicial review.

Attached to Strong's complaint is a letter, dated June 27, 2002, addressed "To Whom It May Concern." The letter is from Lou Dobson, the Registrar at Mississippi State University. The letter states:

This is written in regards to an issue Mr. Elijah Strong contacted me in regards to a reference letter submitted by Mr. James Perry. Mr. Strong conveyed to me that Mr. Perry made remarks in his letter as to Mr. Strong committing an academic dishonesty act at the university. In review of Mr. Strong's academic records, there are no findings to support these remarks made by Mr. Perry, nor is there anything derogatory in Mr. Strong's academic file from Mississippi State University. Please assist Mr. Strong in his endeavor of getting this document submitted by Mr. Perry removed from his civil investigative file.

Strong appears to have obtained Dobson's letter after he had exhausted his administrative proceedings. The letter was not submitted to OPM for consideration.

OPM was entitled to summary judgment as a matter of law. In *Doe v. United States*, 821 F.2d 694 (D.C.Cir.1987), the court recognized that the Privacy Act does not require deletion of all disputed records as in some instances it is not feasible for the agency to act as a trial court for adjudicating disputes. The court noted:

Did Congress allow the Department to choose a middle way, or does the Privacy Act rigidly adopt an adjudicatory model forcing a decision for one side and against the other? ... We do not discern in the Privacy Act any unyielding

instruction always to adjudicate in that customary bipolar way so as to find and record "truth," rather than to adjust a file equitably to reveal actual uncertainty.

*Id.* at 701.

Assuming that Perry's opinion regarding Strong's honesty is sufficiently factual so as to be subject to debate, then OPM was correct to keep the letter in Strong's file. It is simply not feasible for OPM to conduct an adjudication each time an unflattering job reference is submitted. The Privacy Act imposes a duty of fairness on federal record keepers. *Id.* at 699. *Doe* recognizes that there are limits on the extent which OPM can be required to adjudicate disputes over opinions expressed by job references.

Strong was and remains free to supplement his OPM file with opinions from anyone who believes him to be honest. He was and remains free to supplement his file with rebuttals of Perry's statement. 5 U.S.C. § 552a(d)(3). Since OPM cannot conduct a trial to determine whether Perry's opinion is true, Strong's position would require that OPM discard any negative opinions. This position is not supported by the statute. As Strong remains free to supplement his file to disprove Perry's opinion, OPM did not violate the Privacy Act by refusing to remove Perry's statement from Strong's file.

In seeking to amend his file, Strong has the burden of proving that Perry's statement was inaccurate or irrelevant to the legitimate purposes for which OPM maintained the record. *Hernandez v. Alexander*, 671 F.2d 402, 411 (10th Cir.1982). Where the "plaintiff has made no evidentiary showing of inaccuracy or other deficiency" in the agency records, the court should "not assume any violation of the [Privacy] Act...." *Id.*

Strong's burden is also reflected in OPM's regulations. Under 5 C.F.R. § 297.301(g):

> The burden of proof demonstrating the appropriateness of the requested amendment rests with the requester; and, the requester must provide relevant and convincing evidence in support of the request.

In his opposition to the motion for summary judgment, Strong stated that Perry's statement was untrue. However, Strong has not offered any evidence that Perry's statement is inaccurate. The record only contains Strong's assertions that Perry's statement was prejudicial, unfair, unnecessary, and irrelevant. Dobson's letter, which was never submitted to OPM during the administrative appeal process, does not contradict Perry's opinion. It simply says that Perry's opinion is not based on anything found in Strong's academic file.

Strong has likewise failed to meet his burden of proving that Perry's statement is irrelevant. OPM is responsible for personnel management in the federal work force. 5 U.S.C. § 1104(a)(1). Conducting background investigations as to the character of applicants is part of this responsibility. *Mittleman v. OPM,* 76 F.3d 1240, 1243 (D.C.Cir.1996). As Strong failed to proffer evidence demonstrating that Perry's opinion was irrelevant, OPM was entitled to summary judgment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.